IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| FAMILY PROPERTIES, LLC, | ) )  ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 21-cv-03218-LKG ) ) Dated: January 12, 2022 |
| TRACEY M. BRIGGS-HALL, a/k/a TRACEY NICOLE FORNEY, | ) ) ) |
| Defendant. | ) ) ） |

## MEMORANDUM OPINION AND ORDER

On December 20, 2021, Tracey M. Briggs-Hall filed a Notice of Removal as to case number D-085-LT-21-017466 in the District Court of Maryland for Baltimore County (Essex). The state case concerns a landlord-tenant matter.[1]

Briggs-Hall has not paid the filing fee, filed a motion for leave to proceed in forma pauperis, or complied with the requirements in *In Re Removal Actions*, Standing Order 2021-13, Misc. No. 00-308 (Nov. 3, 2021). Requiring correction would only delay resolution of the instant case for reasons that follow.

### DISCUSSION

Under the general removal statue, 28 U.S.C § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." But, "before a federal court can decide the merits of a claim, the claim must invoke the jurisdiction of the court." *Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Federal courts are courts of limited jurisdiction and "may not exercise

---

[1] The "complaint" filed in this Court is a "Petition-Warrant of Restitution" form. ECF No. 2. The form, however, states that it is not valid unless signed by a judge and no judge's signature is on the document. *See id.* The Maryland Judiciary Case Search website does not list a case with this number. *See* https://casesearch.courts.state.md.us/casesearch (visited December 23, 2021). Briggs-Hall is a party in the District Court of Maryland for Baltimore County (Essex) in a landlord-tenant matter in case D-08-CV-21-036729 in *Bay Management Group v. Tracey Briggs-Hall*, et al.

jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005).  "A court is to presume, therefore, that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper."  *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins*. Co., 511 U.S. 375, 377 (1994)).

For jurisdiction to exist, a matter pending before this Court must present either a federal question arising under the Constitution, laws, or treaties of the United States (28 U.S.C. § 1331), or involve diversity jurisdiction, *i.e*., a matter between citizens of different states where the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332.

A district court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."  *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).  This Court must dismiss the case if it determines that the Court lacks subject matter jurisdiction.  *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 506-07 (2006).  Removal jurisdiction is strictly construed.  *Mulcahey v. Columbia Organic Chems. Co*., 29 F.3d 148, 151 (4th Cir. 1994) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941)).  Therefore, "any doubts should be resolved in favor of state court jurisdiction."  *Barbour v. Int'l Union*, 640 F.3d 599, 617 (4th Cir. 2011) (en banc) (abrogated in part other grounds by the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758 (Dec. 7, 2011)); *see also Cohn v*. *Charles*, 857 F. Supp. 2d 544, 547 (D. Md. 2012) ("Doubts about the propriety of removal are to be resolved in favor of remanding the case to state court.").

The burden of demonstrating the propriety of removal rests with the removing party. *Dixon v. Coburg Dairy, Inc*., 369 F.3d 811, 815 (4th Cir. 2004); *see also Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th Cir. 2010) (noting that the "burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction."); *accord McBurney v. Cuccinelli*, 616 F.3d 393, 408 (4th Cir. 2010).

This case concerns a landlord-tenant dispute.  It involves no question of federal law or constitutional issue to confer federal question jurisdiction.  Further, the parties both seem to be located in Maryland, so there is no basis for jurisdiction premised on diversity of citizenship of the parties.  Briggs-Hall has not met her burden to demonstrate jurisdiction.  The Court lacks jurisdiction over this matter, and it will be remanded to the District Court for Baltimore County.

## CONCLUSION

In light of the foregoing, it is this 12th day of January, 2022, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. This case is **REMANDED** to the District Court of Maryland, Baltimore County (Essex);

2. The Clerk shall transmit the record to the Clerk for District Court of Maryland, Baltimore County (Essex);

3. The Clerk shall send a copy of this Order to Tracey M. Briggs-Hall; and

4. The Clerk shall **CLOSE** this case.

**IT IS SO ORDERED.**

                                                 s/ Lydia Kay Griggsby
                                                 LYDIA KAY GRIGGSBY
                                                 United States District Judge